## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:20-CV-1812-NAB |
| ) | |
| CORIZON, et al., ) | |
| ) | |
| Defendants. ) | |

### **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without prepayment of the required filing fee. ECF No. 3. For the reasons stated below, the Court finds plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.

1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred.  *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, who identifies himself as a sovereign citizen, brings this action pursuant to 42 U.S.C. § 1983 against Corizon, the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), and the Missouri Department of Corrections ("MDOC"). In the "Statement of Claim" section of the form complaint, plaintiff asserts the following, in its entirety:

> 8-13-20 to Present. I have Been in Chronic Care the Medical Clin[i]c for Corizon in M[]DOC Now they Don't Do Nothing Refuse Treatment What So Ever. I'm a Sourvin [sic] Citizen of Alas[]ka.
>
> Deny Medical Treatment what so ever, Mental Health Freedom, Phycial [sic].

ECF No. 2 at 3.

Plaintiff provides no additional facts or information in support of his claims. For relief, he seeks "250 Trillion Dollars."

## Discussion

**A. Defendants ERDCC and MDOC**

Plaintiff's complaint is legally frivolous against the ERDCC, a prison within the Department of Corrections, and MDOC, a department of the State of Missouri, because these entities cannot be sued under § 1983. Suing these defendants is the same as suing the State of Missouri itself. As such, these claims must be dismissed because a state is not a 42 U.S.C. § 1983 "person," and because the State of Missouri is immune from suit.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, as noted above, plaintiff has sued both the MDOC and the ERDCC, a state department and a state prison, respectively. Both claims against these entities are the same as a claim against the State of Missouri. However, in a claim for money damages, a state is not a "person" for purposes of 42 U.S.C. § 1983. Because plaintiff is missing an essential element under § 1983, the claims against MDOC and the ERDCC must be dismissed.

Moreover, "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh

Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated to such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332,

341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Here, plaintiff has named MDOC and the ERDCC as defendants. As noted above, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. No exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, plaintiff's claims against MDOC and the ERDCC must be dismissed.

**B. Defendant Corizon**

Corizon is a private company that contracts with the Missouri Department of Corrections to provide medical treatment to inmates. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against an entity such as Corizon, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent . . . official policy that inflicts injury actionable under § 1983").

Here, plaintiff alleges he has "been in Chronic Care" at "the medical clinic for Corizon in M[]DOC" and "they don't do nothing [and] refuse treatment." Aside from this statement, plaintiff

6

provides no information about his medical issues, how Corizon refused treatment, or what kind of treatment was refused. Nothing in the complaint demonstrates plaintiff was injured because of a policy, custom, or official action on Corizon's part. That is, plaintiff never connects his vague allegations with any Corizon policy, custom, or action taken by a Corizon official. Therefore, plaintiff's claim against Corizon must be dismissed.

Even if this Court were to interpret plaintiff's allegations as a deliberate indifference to a serious medical need claim, such a claim would fail. In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, plaintiff states, "they don't do nothing refuse treatment what so ever." This allegation is insufficient to demonstrate deliberate indifference to plaintiff's medical needs.

Plaintiff provides no facts about his medical condition or its seriousness. Plaintiff offers no information as to what he means when he states nothing is being done, or what kind of treatment he requires. Plaintiff's conclusory allegations would not state a claim of deliberate indifference to serious medical needs. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Moreover, plaintiff does not identify any particular person or persons who refused him medical treatment. Thus, he provides no allegations that any individual's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care," which is necessary to demonstrate deliberate indifference. Furthermore, his ambiguous allegations do not satisfy the 42 U.S.C. § 1983 requirement that plaintiff establish a defendant's "causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). For these reasons, plaintiff's deliberate indifference to medical needs claim must be dismissed.

### C. Malicious Litigation

Finally, it appears this action is also subject to dismissal because it is malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). Since filing this action, plaintiff has filed nearly one hundred (100) other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these

defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Having considered plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint, the supplemental document, and other civil complaints, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). *See Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 6th day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE